IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HILLARY RANDOLPH BOYCE,** : **Petitioner** : : : **v.** : : **MICHAEL MUKASEY, Attorney General,** : **THOMAS DECKER, Deputy Field Director, Department of Homeland Security,** : **SECRETARY MICHAEL CHERTOFF,** : Secretary, Department of Homeland Security, : **WARDEN OF YORK COUNTY PRISON,** : **Respondents** : | No. 3:08cv580 (Judge Munley) |

## MEMORANDUM

Before the court is the instant petition for a writ of habeas corpus. Having been fully briefed, the matter is ripe for disposition.

**Background**

Petitioner is incarcerated at the York County, Pennsylvania Prison. He is in the custody of the Bureau of Immigration and Customs Enforcement (ICE), where he is being held as a pre-final detainee and is eligible for removal from the country. A native and citizen of Barbados, petitioner has been ordered deported as a criminal alien. He alleges that this incarceration is potentially indefinite and violates the right to substantitive and procedural due process and equal protection of the laws

guaranteed him under the United States Constitution.

Petitioner alleges that he has been detained for more than six months pursuant to a final removal order issued more than eight years ago.  Federal agencies have been unable to bring about his removal because his home country has not issued travel documents for him.  Petitioner avers that there is no way to know when, if ever, such documents will be issued.  Because of this violation of his rights, plaintiff contends that he should be released pending the outcome of his appeal and the resolution of questions about his travel documents.

According to documents provided by the defendants, respondent entered the United States on September 12, 1965.  (Government's Response to Petition for Writ of Habeas Corpus, Exh. C).  On November 30, 1984, plaintiff was convicted in the Supreme Court of New York of criminal possession of a weapon.  (Id.).  On May 12, 2000, an immigration judge found petitioner subject to removal pursuant to 8 U.S.C. § 1227(a)(2)(C), because he was an alien convicted of a firearm offense.  (Id.).  The judge ordered the petitioner removed to Barbados.  (Id.).  Petitioner appealed this decision to the Board of Immigration Appeals, which upheld the Immigration Judge's decision on April 18, 2001.  (Id.).  Plaintiff filed a motion to reopen the case on September 12, 2001.  (See Response to Petition for Writ of Habeas Corpus, Exh. D).  This motion was denied on September 20, 2001.  (Id.).  Plaintiff was not deported at this point, however, and apparently lived in Queens, New York for a number of years before ICE took action against him.  On October 9, 2007, ICE

agents arrested petitioner at his home in Queens, executing a warrant of removal/deportation. (Id.).

ICE informed petitioner on November 6, 2007, while he was in custody, that he could support his request for release pending removal by providing information to demonstrate that he was neither a risk to the community nor a flight risk. (Government's Response to Petition for Writ of Habeas Corpus, Exh. E). On December 26, 2007, ICE sent petitioner another notice, this one informing him that he was required to obtain a travel document from Barbados within thirty days. (Id. at Exh. F). This document explained to petitioner the procedure for obtaining such a document. (Id.). Despite the fact that petitioner had no appeal of his removal order pending, petitioner informed the Barbados Consulate that he had such an appeal pending. (Id.). ICE considered this misinformation an attempt to hinder the deportation process and on February 19, 2008, informed petitioner that it was extending his period of removal pursuant to 8 C.F.R. § 241.4(g). That letter also warned petitioner that any further bad-faith attempts to prevent removal would result in criminal prosecution. (Id.). Finally, on March 26, 2008, ICE gave petitioner a final chance to submit evidence that would support his release pending removal. (Id. at Exh. G). The agency set a hearing to review petitioner's status for May 31, 2008. (Id.).

**Jurisdiction**

As this case is brought pursuant to 28 U.S.C. § 2241, this court has

jurisdiction pursuant to 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Legal Standard**

Plaintiff brings this action pursuant to 28 U.S.C. § 2241, which provides that a prisoner may be extended the writ of habeas corpus if "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3). That statute also provides this court with jurisdiction to hear immigration cases of this type.  Zadvydas v. Davis, 533 U.S. 678, 688 (2001) (finding that "§ 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").  Plaintiff's complaint here is that he is being held for an unreasonable period of time pending his removal from the United States.

**Discussion**

Plaintiff has been ordered removed from the country and remains in custody pending that removal.  He does not challenge the removal itself, but instead argues that he has been detained indefinitely in violation of federal law.  Federal law provides that "certain categories of aliens who have been ordered removed, namely inadmissible aliens, criminal aliens, aliens who have violated their nonimmigrant status conditions, and aliens removable for certain national security or foreign relations reasons, as well as any alien 'who has been determined by the Attorney

General to be a risk to the community or unlikely to comply with the order of removal'" can be detained for an extended period pending removal.  Zadvydas, 533 U.S. at 688-89 (quoting 8 U.S.C. § 1231(a)(6)).  The United States Supreme Court has found that this "statute, read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States."  Id. at 689.  "Indefinite detention" is prohibited, and may not "[exceed] a period reasonably necessary to secure removal."  Id. at 699.  Since the purpose of the statute is to remove unauthorized aliens, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute."  Id. at 699-700.  In that situation, an alien is to be granted "any of the various forms of supervised release that are appropriate in the circumstances" and a return to custody for violation of such conditions is reasonable.  Id. at 700.

Petitioner here argues that he should be released under the terms described by the Supreme Court in Zadvydas because his home country, Barbados, will not accept him.  Removal is thus not reasonably foreseeable, and he is entitled to some form of supervised relief.  As the respondent points out, however, petitioner's own actions caused Barbados's unwillingness to accept him, since he falsely reported to the Barbados consulate that he had appealed the order of removal.  "The removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely

5

application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal." 8 U.S.C. § 1231(C). Petitioner clearly falls under this provision of the statute, and his detention pending removal is not contrary to law if he chooses not to comply with the statutory requirements. See, e.g. United States ex rel. Kovalev v. Ashcroft, 71 Fed. Appx. 919, 924 (3d Cir. 2003) (finding that a removable alien who refused to attempt to obtain Russian travel documents could be held beyond six months); Phillip v. McKenzie, No. 07-4994 *9 (D. N.J. March 18, 2008) (holding that "[t]he decision in Zadvydas does not prevent an alien who does not provide adequate or accurate information to DHS from being detained beyond the presumptively valid six month period."); Pelich v. INS, 329 F.3d 1057,1059 (9th Cir. 2003) (allowing continued detention of an alien who refused to participate in obtaining travel documents by "steadfastly refus[ing] to fill out a Polish passport application."). Petitioner's detention is not contrary to federal law, and we will deny his petition. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HILLARY RANDOLPH BOYCE,** | : | No. 3:08cv580 |
| **Petitioner** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **MICHAEL MUKASEY, Attorney General,** | : | |
| **THOMAS DECKER, Deputy Field Director, Department of Homeland Security,** | : | |
| **SECRETARY MICHAEL CHERTOFF, Secretary, Department of Homeland Security,** | : | |
| **WARDEN OF YORK COUNTY PRISON,** | : | |
| **Respondents** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 2nd day of June 2008, the instant petition for a writ of habeas corpus (Doc. 1) is hereby **DENIED**. The Clerk of Court is directed to **CLOSE** the case.

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**UNITED STATES DISTRICT COURT**